UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HAUSINGER FINANCIAL, LLC,
and JEFFREY A. HAUSINGER,

    Plaintiffs,

v.                                      Case No. 8:23-cv-2504-VMC-CPT

SANJIV M. SASTE,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Before me on referral is the parties' joint motion for the entry of a stipulated preliminary injunction and a stay of this lawsuit. (Doc. 65). For the reasons set forth below, I respectfully recommend that the parties' motion be granted.

Plaintiffs Hausinger Financial, LLC and Jeffrey A. Hausinger initiated this action against Defendant Sanjiv M. Saste, asserting claims for trade secret violations and breach of contract and seeking injunctive relief. (Doc. 1). The Plaintiffs separately filed an amended motion for a preliminary injunction, which the Court referred to me. (Doc. 42).[1] I conducted an all-day evidentiary hearing on the Plaintiffs' amended motion in February 2024. (Docs. 42, 47). At the conclusion of that proceeding, the

---

[1] The Plaintiffs' original request for a preliminary injunction was denied for the reasons discussed at oral argument on the matter. (Doc. 39).

parties requested and I granted a continuation of the hearing until mid-March 2024 so that the parties could introduce additional testimony and evidence. (Doc. 57).

Not long after, in late February 2024, the Defendant moved for a stay of the action pending the Court's resolution of the Plaintiffs' preliminary injunction request on the grounds that the parties had also submitted their dispute for arbitration before the Financial Industry Regulatory Authority (FINRA). (Doc. 60). According to subsequent representations made to the Court, that arbitration is now scheduled for a final hearing in November 2024. The Defendant later filed a supplemental motion to stay, in which it advised the Court that the parties could not reach a mutually-acceptable disposition of their dispute despite attempting to do so. (Doc. 62).

Notwithstanding the futility of their earlier efforts, the parties ultimately agreed to a resolution of the Plaintiffs' preliminary injunction request in the days leading up to the continued evidentiary hearing in March 2024. (Doc. 65). As a result, the parties jointly moved to convert the March 2024 evidentiary hearing to a status conference to answer any questions the Court may have regarding their resolution. *Id.* That resolution contemplated the entry of both a stipulated preliminary injunction and an administrative stay of the case pending the November 2024 FINRA arbitration. (Doc. 65-1). The Court granted the parties' motion to the extent it cancelled the continued evidentiary hearing and instead heard oral argument on the merits of the parties' sought-after relief. (Docs. 66, 67).

At that proceeding, the parties asked that the Court enter their stipulated preliminary injunction and noted that, if approved, their proposed injunction would

moot the Defendant's pending motion to stay. (Docs. 60, 62); (Doc. 65 at 2 n.1). The parties also represented that they would proceed with their mediation scheduled for April 15, 2024, to see if they could resolve the entirety of their quarrel. (Doc. 65-1 at 5).

Based upon the foregoing, I respectfully recommend:

1. The parties' joint motion for entry of the stipulated preliminary injunction be granted. (Doc. 65).

2. The Court enter the stipulated preliminary injunction. (Doc. 65-1).

3. The Court deny as moot the Plaintiffs' amended motion for a preliminary injunction (Doc. 42), the Defendant's motion to stay (Doc. 60), and the Defendant's supplemental motion to stay (Doc. 62).

4. The Court direct the Clerk to administratively stay this action pending the completion of the parties' FINRA arbitration.

5. The Court instruct the parties to notify the Court by way of a motion upon the conclusion of the FINRA arbitration.

Respectfully submitted this 18th day of March 2024.

*Christopher P. Tuite*
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

## NOTICE

A party has fourteen (14) days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections, or to move for an extension of time to do so, waives that party's right to challenge on appeal any unobjected-to factual finding(s) or legal conclusion(s) the District Judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1). **The parties are further advised that if they seek the entry of the stipulated preliminary injunction on a shorter time frame, they should file a joint notice indicating that no party objects to this Report and Recommendation.**

Copies to:
Honorable Virginia M. Hernandez Covington, United States District Judge
Counsel of record