```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                     TAMPA DIVISION
```

HAUSINGER FINANCIAL, LLC d/b/a
ALL SEASONS WEALTH and
JEFFREY A. HAUSINGER,

    Plaintiffs,
v.                                Case No. 8:23-cv-2504-VMC-CPT

SANJIV M. SASTE,

    Defendant.
_____/

**ORDER**

This matter is before the Court on consideration of United States Magistrate Judge Christopher P. Tuite's Report and Recommendation (Doc. # 69), filed on March 18, 2024, recommending that the parties' joint motion for entry of the stipulated preliminary injunction (Doc. # 65) be granted.

As of the date of this Order, no objections have been filed and the time for filing objections has lapsed. The Court accepts and adopts the Report and Recommendation and grants the parties' Motion.

**Discussion**

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and

recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982). In the absence of specific objections, there is no requirement that a district judge review factual findings *de novo*, Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject or modify, in whole or in part, the findings and recommendation. 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. See Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); Castro Bobadilla v. Reno, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), aff'd, 28 F.3d 116 (11th Cir. 1994).

After conducting a careful and complete review of the findings, conclusions and recommendations, and giving *de novo* review to matters of law, the Court accepts the factual findings and legal conclusions of the Magistrate Judge.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Report and Recommendation (Doc. # 69) is **ACCEPTED** and **ADOPTED.**

(2) The parties' joint motion for entry of the stipulated preliminary injunction (Doc. # 65) is **GRANTED.** Defendant, Defendant's agent, and all others acting in concert or participation with Defendant are hereby

enjoined and restrained directly or indirectly as follows:

a. From this date forward and for a period of three (3) years from Defendant's resignation, Defendant, Defendant's agent, and all others in active concert or participation with Defendant who receive actual notice of the Court's Order, are hereby enjoined and restrained from directly or indirectly soliciting and/or initiating first contact with any person or entity, whose name became known to Defendant and whose account has been serviced by Plaintiffs and Raymond James Financial Services, Inc. ("RJFS"), or Defendant, during Defendant's employment with Plaintiffs.

b. Within two (2) business days of the date of this Order, Defendant shall return to Plaintiffs, through Plaintiffs' record counsel, any and all records, documents, notes, data, spreadsheets, forecasts, projections and/or other information in whatever form (whether original, copied, computerized, electronically stored or handwritten), pertaining to Plaintiffs' and/or RJFS' clients or Plaintiffs' business, including

      but not limited to marketing material, forecasts, models, projections, asset class portfolios, investment strategies and goals, client identifying or contact information (name, addresses, phone numbers, etc.), client account valuation, and client pricing in Defendant's possession, custody and/or control that Defendant obtained during his employment with Plaintiffs.

c. Within five (5) business days of the date of this Order, the Plaintiffs and Defendant shall retain a mutually agreeable third-party data forensic vendor, at Plaintiffs' sole cost and expense for the purpose of the data forensic computer vendor ensuring Defendant does not possess any records, documents, notes, data, spreadsheets, forecasts, projections and/or other information in whatever form (whether original, copied, computerized, electronically stored or handwritten), pertaining to Plaintiffs' and/or RJFS' clients or Plaintiffs' business, including but not limited to marketing material, forecasts, models, projections, asset class portfolios, investment strategies and goals, client identifying or contact information (name,

      addresses, phone numbers, etc.), client account valuation, and client pricing in Defendant's possession, custody and/or control that Defendant obtained during his employment with Plaintiffs. If the forensic vendor recovers, locates, or shows that Defendant retained the aforementioned information and data after his employment terminated, Plaintiffs are entitled to reimbursement of the expense of said vendor through application to the FINRA Arbitration Panel or agreement of the Parties.

d.   Within five (5) days of retention of the aforementioned forensic vendor, Defendant shall provide the forensic vendor access to his computer(s), external hard drives, cloud-based storage account(s), and any and all other storage methods that were in existence and utilized during Defendant's employment with Plaintiffs to verify destruction of any and all data, documents, files, or information contemplated in Paragraphs 2 or 3 of this Order. Plaintiffs and Defendants shall enter a mutually agreed upon forensics protocol to provide the parameters for the forensic review.

        Notwithstanding, should Plaintiffs and Defendant disagree on any portion of the protocol, the arbitrators will consider each party's position and make the final determination of what searches are completed.

e. Nothing in this Order requires Defendant to destroy and/or return documents and/or information that: (a) Defendant received from Plaintiffs' clients after he became employed by Morgan Stanley; or (b) Defendant obtained from publicly available sources after he became employed by Morgan Stanley (which were not made publicly available through any conduct by Defendant, and were not obtained or discovered by using any of Plaintiffs' records, documents, and/or information in whatever form, whether original, copied, computerized, electronically stored or handwritten).

f. No bond shall be necessary as it relates to the issuance of this preliminary injunction.

g. Nothing contained in this Order shall prohibit Defendant from: (a) returning phone calls to, responding to emails from, or attending meetings requested by customers serviced by Plaintiffs, so

6

      long as the initial contact was initiated by the customer and not Defendant or Defendant's agent on or after March 7, 2024; (b) processing account transfer requests from customers serviced by Plaintiffs so long as initial contact that lead to the transfer was not initiated by Defendant or Defendant's agent on or after March 7, 2024, and not the result of Defendant's solicitation or violation of this Order; or (c) doing business with Customers serviced by Plaintiffs after their account(s) transfer to Defendant.

h. Following the entry of this Order, this litigation will be administratively stayed pending FINRA arbitration, and this Court need take no further action on Plaintiffs' request for injunctive relief and/or expedited discovery, other than executing this Order and/or enforcing the terms, restrictions, and conditions stated within this Order. The Parties agree that the expedited hearing pursuant to FINRA Rule 13804(b)(1) shall not be held, subject to the provisions below, and the Parties shall agree to the entry of a stipulated injunction granting injunctive relief (in

      substantially similar form to this order) at such time as a panel of arbitrators has been appointed in the FINRA matter. This arbitration shall proceed on a non-expedited basis on all issues, subject to the below, and the FINRA panel maintains jurisdiction to modify and/or dismiss the injunction after a final and full hearing on the merits.

i. On or before April 15, 2024, the Plaintiffs and Defendant shall attend complete mediation with respect to all disputes asserted against one another.

j. The entry of this Order shall not constitute or be construed as an admission of any factual allegations, legal claims, liability, waiver, or an acknowledgement of any wrongdoing or concession by any Party. The entry of this Order further does not make or constitute any findings of facts or any conclusions of law regarding any of the matters at issue in this litigation or FINRA Arbitration.

k. This Stipulated Preliminary Injunction is not a decision on the ultimate merits of this dispute and is without prejudice to the rights, remedies,

       claims, counterclaims, or defenses of any party hereto, and no party hereto shall argue in the FINRA arbitration that this Stipulated Preliminary Injunction precludes the making of any substantive argument in the FINRA arbitration. Notwithstanding, Plaintiffs and Defendant shall not seek modification of this order or any preliminary injunction and may only seek modification upon a full and final hearing upon the merits.

    l.   This Stipulated Preliminary Injunction shall not prevent the FINRA arbitration panel from issuing any order on the appropriateness of permanent injunctive relief after a hearing on the merits.

(3) The Court denies as moot Plaintiffs' amended motion for a preliminary injunction (Doc. # 42), Defendant's motion to stay (Doc. # 60), and Defendant's supplement to the motion to stay. (Doc. # 62).

(4) The Clerk is directed to stay and administratively close this action pending the completion of the parties' FINRA arbitration.

(5) The parties are directed to file a joint status report

by July 8, 2024, and every 90 days thereafter. The parties must promptly notify the Court upon the conclusion of the FINRA arbitration.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 9th day of April, 2024.

<u>/s/ Virginia M. Hernandez Covington</u>
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE